# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **GLEN ELLYN PHARMACY, INC.,** individually and behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**KLOUDSCRIPT, INC., and JOHN DOES 1-10,**<br><br>Defendants. | **Case No. 19 CV 2829**<br><br>**Judge Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, Defendant's Motion to Dismiss (Dkt. No. 16) is granted in part and denied in part.

### I. BACKGROUND

Plaintiff Glen Ellyn Pharmacy, Inc. is a pharmacy with offices in Glen Ellyn, Illinois. (Compl. ¶¶ 3, 10, Dkt. No. 1.) Defendant Kloudscript, Inc. ("Kloudscript") is a Delaware corporation that sells software consulting services to pharmacies. (Compl. ¶ 5.) In 2018, Plaintiff received five one-page faxes from Kloudscript. These faxes invited Plaintiff to participate in two seminars (one held on June 2, 2018; the other on June 27, 2018) promoting services sold by Kloudscript. (*See* Kloudscript Faxes, Exs. A-E to Compl., Dkt. No. 1.)

Plaintiff brings a putative class action against Kloudscript and various "John Does" who Plaintiff claims were responsible for sending the faxes. Plaintiff asserts a claim under § 227(b)(1)(C) of the TCPA, which prohibits the use of any device "to send, to a telephone facsimile machine, an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). Plaintiff also asserts the following Illinois state law and tort claims: violation of the Illinois Consumer Fraud Act (ICFA), conversion, and trespass to chattels. Kloudscript moves to dismiss the Complaint in its entirety because Plaintiff lacks standing to proceed on its TCPA claim, has plead only *de minimis* injuries for the tort claims, and fails to state a claim under the ICFA.

## II. **STANDARD**

Kloudscript moves to dismiss Plaintiff's suit for lack of standing, an argument that falls under Federal Rule of Civil Procedure 12(b)(1). *Jane Atlas and Margaret Schwalbach v. Village of Glencoe*, No. 19 C 3962, 2019 WL 6117579, at *2 (N.D. Ill. Nov. 18, 2019). The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Kloudscript brings a facial challenge to Plaintiff's federal jurisdiction, as it claims that the allegations in Plaintiff's Complaint, even if true, are insufficient to establish standing. *Apex Digital, Inc. v. Sears,*

*Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Facial challenges require only that the Court look to the Complaint to see if Plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id*. at 443. Allegations in the Complaint are taken as true for such a motion. *Id*. at 444.

Kloudscript's *de minimis* challenge standard falls under Rule 12(b)(6), which requires courts to dismiss complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). When ruling on motions to dismiss, courts may also consider documents attached to the pleadings without converting the motion to dismiss into a

motion for summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014); FED. R. CIV. P. 10(c).

### III. DISCUSSION

#### A. TCPA and Standing

To establish standing, a plaintiff must allege an injury in fact that is traceable to the defendant's conduct and redressable by a favorable judicial decision. *Lujan*, 504 U.S. at 560-61. These requirements are rooted in Article III, which limits a federal court's authority to the resolution of "cases" or "controversies." *Casillas v. Madison Ave. Assocs., Inc.,* 926 F.3d 329, 333 (7th Cir. 2019). Kloudscript contends that Plaintiff has not met the injury-in-fact requirement. An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. Article III standing "requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). An alleged harm must be "concrete," not "abstract." *Id.* at 1548.

Kloudscript urges that Plaintiff's injury is insufficiently concrete, particularized, actual, and imminent to constitute an injury-in-fact. Plaintiff's asserted injury is that Kloudscript's

unsolicited faxes deprived Plaintiff of its ink, toner, the use of its fax machine, and the time it spent identifying the source and purpose of the fax. (See Compl. ¶¶ 2, 25.) The Seventh Circuit, in *Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479 (7th Cir. 2019), recently confirmed that such injuries are sufficient under *Spokeo*:

> Plaintiffs allege that they received unsolicited fax ads, causing at least two kinds of injury: printing the faxes used paper and toner, which are costly, and the need to read the incoming faxes diverted the time of one or more employees from the businesses' profitable endeavors. *These are concrete rather than abstract losses.* The injuries may have been slight, but an "identifiable trifle" suffices. Plaintiffs' injuries were caused by the defendants' faxed ads and may be redressed by an award of damages. We have resolved dozens of fax-ad suits on the merits without suspecting that we were violating Article III of the Constitution. This suit is no more constitutionally suspect than they. Whether it is good public policy to use the cumbersome and costly process of adjudication to resolve disputes about annoying fax ads is for Congress to decide.

*Craftwood II, Inc. v. Generac Power Sys., Inc.*, 920 F.3d 479, 481 (7th Cir. 2019) (internal citations omitted) (emphasis added). The Ninth Circuit has held similarly. *See Van Patten v. Vertical Fitness Group, LLC,* 847 F.3d 1037, 1043 (9th Cir. 2017) (plaintiff's receipt of unsolicited text messages was sufficient harm to confer standing, because "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy

and disturb the solitude of their recipients" such that a "plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified'") (quoting *Spokeo*, 136 S. Ct. at 1549).

Unsurprisingly, Kloudscript did not cite to *Craftwood II* in its briefing. Surprisingly, neither did Plaintiff. Regardless, this case controls. Plaintiff has standing to pursue its TCPA claim because, as the Seventh Circuit clearly stated, the cost of printing the faxes and the diversion of employee time necessary to read the faxes are concrete losses.

Unfortunately, Kloudscript dedicated most of its briefing on standing to its argument that the Seventh Circuit's recent decision in *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019) necessitates a dismissal for lack of standing. In *Casillas*, the court held that a "bare harm of receiving inaccurate or incomplete information," is insufficient to establish injury in fact for a statutory violation. *Id*. at 339. The plaintiff in *Casillas* alleged that a debt collector's letter violated the Fair Debt Collection Practices Act, and injured the plaintiff, by omitting the required notice that a consumer's dispute of a debt must be in writing. *Id*. at 331. The Seventh Circuit held that "a plaintiff cannot satisfy the injury-in-fact element of standing simply by alleging that the defendant violated a disclosure

provision of a consumer-protection statute." *Casillas*, 926 F.3d at 332; *see also Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884 (7th Cir. 2017). Important to the Court's reasoning in *Casillas* was the fact that the plaintiff "did not allege that [defendant's] actions harmed or posed any real risk of harm to her interest under the Act… She complained only that her notice was missing some information that she did not suggest that she would ever have used." *Casillas*, 926 F.3d at 334.

Kloudscript asserts that Plaintiff has "alleged nothing more than a bare violation of a disclosure provision in a consumer protection statute," in violation of *Casillas*. (Def.'s Mot. to Dismiss at 11, Dkt. No. 16.) Kloudscript misconstrues the Complaint. The Complaint briefly noted that Kloudscript's faxes lacked the TCPA's required opt-out notices. (*See* Compl. ¶ 19 ("The faxes do not contain an 'opt out' notice that complies with 47 U.S.C. § 227.").) But this observation is not Plaintiff's alleged injury. Plaintiff alleges injuries relating to the use of its fax machine, paper, ink, and employee time, which as the Court noted above, is sufficient to constitute an injury-in-fact. Defendant's standing argument therefore fails, and Plaintiff can proceed with its TCPA claim.

### B. Torts and the *De Minimis* Exception

Plaintiff brings both conversion and trespass to chattels claims. To state a claim for conversion under Illinois law, a plaintiff must allege: "(1) he has a right to the property; (2) he has an absolute and unconditional right to the immediate possession of the property; (3) he made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property." *Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998). The difference between conversion and trespass to chattels is "a matter of degree." *See Zissu v. IH2 Prop. Illinois, L.P.*, 157 F. Supp. 3d 797, 803 (N.D. Ill. 2016). Trespass to chattels involves an injury to or interference with possession of personal property, with or without physical force. *Id*. There are two ways to commit this tort: intentionally (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another. *Id*. (citing Restatement (Second) of Torts § 217).

Kloudscript does not dispute that the elements of conversion or trespass to chattels have been satisfied here. Rather, Kloudscript seeks dismissal of these claims under the *de minimis con curat lex* principle ("the law does not concern itself with trifles"). A conversion claim that is otherwise adequately pled must fail if the conversion resulted in damages that are "miniscule

to the point of nonexistent." *See Brandt v. Bd. of Educ. of City of Chicago,* 480 F.3d 460, 465 (7th Cir. 2007). While a court can award nominal damages for intentionally tortious conduct, *id.*, a conversion claim is not actionable if the damages are "negligible from the onset of the lawsuit." *Savanna Grouip, Inc. v. Truan*, No. 10 C 7995, 2011 WL 703622, at *3 (N.D. Ill. Feb. 22, 2011). The *de minimis* doctrine prevents recovery for conversion where the degree of interference with the right of another to control the property is minimal. *See Glen Ellyn Pharmacy, Inc. v. Meda Pharm., Inc.*, No. 09 C 4100, 2011 WL 196925, at *2 (N.D. Ill. Jan. 13, 2011) (citing Restatement (Second) of Torts § 222A).

First, the Court notes that the *de minimis* inquiry is distinct from the injury-in-fact analysis that the Court performs for standing purposes. The former concerns the degree of injury; the latter asks whether an injury occurred at all. For this reason, the Third Circuit recently explained why applying a *de minimis* rule to determine concreteness under the TCPA is inappropriate. *See Susinno v. Work Out World Inc.*, 862 F.3d 346, 352 (3d Cir. 2017). In holding that a single solicitation to the plaintiff's cellphone was a sufficiently concrete injury to confer Article III standing, the Third Circuit noted that Congress has the power to legislatively promote previously inadequate (*i.e., de minimis*) harm to legally adequate ones. *See Hossfeld v. Compass Bank*, No.

2:16-CV-2017, 2017 WL 5068752, at *9 (N.D. Ala. Nov. 3, 2017) (discussing *Susinno*, 862 F.3d at 352.) The Third Circuit stated:

> Traditionally, a plaintiff's privacy is invaded for the purpose of an intrusion upon seclusion claim by telephone calls only when such calls are repeated with such persistence and frequency as to amount to hounding. The *Second Restatement* suggests that because two or three calls would not be "highly offensive to the ordinary reasonable person, they traditionally would provide no cause of action. Yet when Congress found that unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients, it sought to protect the same interests implicated in the traditional common law cause of action. Put differently, Congress was not inventing a new theory of injury when it enacted the TCPA. Rather, it elevated a harm that, while "previously inadequate in law," was of the same character of previously existing "legally cognizable injuries." *Spokeo* addressed, and approved, such a choice by Congress.

*Susinno*, 862 F.3d at 351-52 (internal citations and quotations omitted). Thus, it is possible on the same set of facts to find a sufficient injury for standing purposes, but an insufficient injury to state a claim.

Next, a note about the Court's prior opinions on this subject. This Court has previously allowed a plaintiff to assert conversion, trespass to chattels, and ICFA claims alongside a TCPA claim, notwithstanding the issue of *de minimis* damages for the torts, because Rule 8 allows a plaintiff to plead alternate legal theories for the same conduct. *Zidek v. Analgesic Healthcare, Inc.*, No. 13

C 7742, 2014 WL 2566527, at *2–3 (N.D. Ill. June 6, 2014). However, the Court made that decision when courts in this District were largely "split on whether sending an unsolicited fax amounts to conversion." *Id*. at *3. Since then, the Court has determined that the majority of courts in this District hearing junk fax cases like the one at bar typically dismiss conversion claims based on the *de minimis* rationale. *See A Custom Heating & Air Conditioning, Inc. v. Kabbage, Inc.*, No. 16 C 2513, 2017 WL 2619144, at *4 (N.D. Ill. June 16, 2017) (collecting cases). Accordingly, this Court twice dismissed junk fax conversion claims for failure to state a claim under Rule 12(b)(6). *See Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, No. 16 C 9281, 2017 WL 5001284, at *4 (N.D. Ill. Nov. 2, 2017) (dismissing conversion claim in case where plaintiff received one three-page fax because damages are *de minimis*); *A Custom Heating*, 2017 WL 2619144, at *5-7 (dismissing conversion and ICFA claim in case where plaintiff received one unsolicited fax because of the *de minimis* injury).

Adhering to the current consensus, the Court holds that Plaintiff's damages—a few pennies per page of unsolicited fax received—are insufficient to state a claim for conversion or trespass to chattels. This is not a dismissal of a legal theory, which would run afoul of Rule 8. It is a dismissal for failure to state a claim for either conversion or trespass to chattels,

because the Plaintiff's damages are "too trivial to support a cause of action" for these claims. *See Quality Mgmt. & Consulting Servs., Inc. v. SAR Orland Food Inc.*, No. 11 CV 06791, 2012 WL 2128327, at *2 (N.D. Ill. June 11, 2012).

## C.  ICFA Claim

Finally, the Court turns to Plaintiff's claim that Kloudscript's faxes constitute an "unfair practice" under the ICFA. To state a cause of action under the ICFA, a plaintiff must allege: (1) a deceptive act or unfair practice by the defendant; (2) an intention on the part of the defendant that the plaintiff rely on the unfair practice; and (3) that the unfair practice occurred in the course of conduct involving commerce. *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (Ill. 1996). To determine whether a defendant's conduct constitutes an unfair practice within the meaning of the ICFA, Illinois courts ask whether the following factors (herein after, the "*Robinson* factors") are present: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). Not all of the factors need to be met; an act may constitute an unfair practice based on the degree to which it meets one or

more of the factors. *Id*. The ICFA is to be liberally construed to effectuate its purpose. *Id*.

Kloudscript argues that Plaintiff fails to state an ICFA claim because receiving unsolicited faxes is not an "unfair practice." Kloudscript does not contest that the first *Robinson* factor is satisfied here, as courts applying the ICFA largely agree that sending unsolicited fax advertisements offends public policy. *See Mussat v. Power Liens, LLC*, No. 13-CV-7853, 2014 WL 3610991, at *3 (N.D. Ill. July 21, 2014) (collecting cases). However, Kloudscript contends that Plaintiff cannot satisfy the second and third *Robinson* factors.

This Court recently held that the second and third *Robinson* factors cut against an ICFA claim in a case involving only a few pages of unsolicited faxes. *See A Custom Heating*, 2017 WL 2619144, at *6–7. Similarly, the conduct at issue here—essentially, Defendant forcing Plaintiff to print five pages of advertisements for Defendant—is not oppressive. *See Mussat*, 2014 WL 3610991, at *3; *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 616 (N.D. Ill. 2009) ("The improper use of one piece of paper, a small amount of toner, and a few seconds of an employee's time is not oppressive conduct, nor does it fit within the definitions of any of the other terms [in the second *Robinson* factor]."). As for the third factor, a practice "causes substantial

injury to consumers if it causes significant harm to the plaintiff and has the potential to cause injury to a large number of consumers." *Stonecrafters*, 633 F. Supp. 2d at 617. However, even taking Plaintiff's allegations as true, that the offending fax was sent to at least 40 other individuals, the loss is still *de minimis*. *See Mussat*, 2014 WL 3610991, at *3 ("One or two sheets of paper, the minimal toner, and the few seconds of a person's time expended in response to the unsolicited fax do not amount to a substantial injury… [E]ven a thousand people suffering damages of a couple of pennies would only result in an aggregate harm of $20."); *Paldo Sign & Display Co. v. Topsail Sportswear, Inc.*, No. 08 C 5959, 2010 WL 276701, at *4 (N.D. Ill. Jan. 15, 2010) ("A putative class representative must have a valid claim of its own before purporting to represent the entire class."); *A Custom Heating*, 2017 WL 2619144, at *6 ("That [plaintiff] brings this case on behalf of a class 'of more than thirty-nine people' does not change the substantial injury analysis."). Accordingly, the Court finds that the second and third *Robinson* factors cut strongly in Kloudscript's favor.

Plaintiff urges that all three *Robinson* criteria need not be met to support a finding of unfairness. *See Robinson*, 775 N.E.2d at 961. Rather, a practice may be unfair "because of the degree to which it meets one of the criteria or because to a lesser extent

it meets all three." *Id*. (citation omitted). While that is true, in this case, simply meeting the first *Robinson* factor is not independently sufficient to state an ICFA claim. Nothing in *Robinson* prevents this holding. In *Robinson,* the plaintiffs leased an automobile from a Toyota car dealership, which assigned the lease to the defendant, the Toyota Motor Credit Corporation. *Id.* at 954. The plaintiffs claimed that the lease agreement violated the ICFA by imposing double penalties for wear and tear, and mileage; double recovery for auction, transportation and reconditioning fees; and early termination charges; and by concealing certain charges. *Id*. at 960. The Illinois Supreme Court determined that the plaintiffs' allegations were insufficient to state an ICFA claim because none of the lease terms at issue were sufficiently "immoral, unethical, oppressive, or unscrupulous" to establish that the lease was "unfair." *Id*. at 422-23. The *Robinson* court contrasted its holding with that of *Ekl v. Knecht*, 585 N.E.2d 156 (Ill. App. Ct. 1991), in which the plaintiff sought recovery under ICFA against a plumber who charged an unreasonably high fee for his services. The *Ekl* court found that the plumber's threat to undo his work and turn off the plaintiff's water if he was not paid immediately was coercive and oppressive conduct in violation of public policy. *Robinson,* 775 N.E.2d at 962 (discussing *Ekl,* 585 N.E.2d 156). This conduct resulted in substantial harm to the

plaintiff because she was compelled to pay an unreasonable amount for the work in excess of what she would have reasonably agreed to pay. *Id.* Thus, all three prongs of the unfairness test were satisfied. *Id*. *Robinson* instructs courts to examine an ICFA claim holistically under the three factors, which is what the Court has done here.

Ultimately, Plaintiff does not advance any new arguments that convince the Court to depart from its previous analysis of this issue. That two of the three *Robinson* factors cut strongly in Kloudscript's favor outweighs that Kloudscript's conduct was contrary to public policy. Therefore, the Court dismisses the ICFA count for failure to state a claim.

## IV. CONCLUSION

Defendant's Motion to Dismiss (Dkt. No. 16) is granted in part and denied in part. Plaintiff has standing to pursue its TCPA claim. The remainder of Plaintiff's claims are dismissed.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

Dated: 12/2/2019